UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HERMAN LAMOIT POUNDS,<br>　　　　　　Plaintiff,<br><br>-v-<br><br>STATE OF MICHIGAN, *et al.*,<br>　　　　　　Defendants. | )<br>)<br>)　No. 1:25-cv-679<br>)<br>)　Honorable Paul L. Maloney<br>)<br>)<br>) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Herman Pounds alleges the defendants violated his civil rights. Plaintiff filed this lawsuit without the assistance of counsel and the court has granted his request to proceed without payment of the filing fee. Between them, Defendants have collectively filed four motions to dismiss (ECF Nos. 18, 27, 30, 31 and 62). The Magistrate Judge issued a report recommending the court grant the motions and further recommends the court dismiss the lawsuit as frivolous (ECF No. 72). Plaintiff filed objections (ECF No. 75). The court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Objection 1.  Subject Matter Jurisdiction

Plaintiff contends the court can exercise subject matter jurisdiction over this lawsuit because he raises federal constitutional claims.  The court overrules this objection.  Plaintiff's argument fails to address the specific findings and recommendations in the R&R.

a.  State of Michigan.  The Magistrate Judge concludes the Eleventh Amendment prohibits Plaintiff from proceeding against the State of Michigan.  Plaintiff has not demonstrated any error here.  "The sovereign immunity guaranteed by this Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (citation omitted).  The Magistrate Judge did not recommend dismissing any defendant other than the State of Michigan based on the Eleventh Amendment.  The *Ex parte Young* doctrine does permit a plaintiff to pursue injunctive relief against a state official whose acts violate the constitution.  The Magistrate Judge concludes that Plaintiff failed to demonstrate that any of the individual defendants have threatened enforcement of some law for which Plaintiff needs injunctive or declaratory relief.  Plaintiff's objection does not address this particular finding.

b.  8th District Court, Judge Ankley, and Kalamazoo County Prosecutor's Office.  The Magistrate Judge concludes Plaintiff's claims are frivolous because the claims are based in theories of sovereign citizenship.  Plaintiff has not demonstrated any error here.  "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid

of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Magistrate Judge identified the relevant language in Plaintiff's submissions which establish that he bases his theories and claims in sovereign citizenship. Plaintiff's decision not to use the phrase "sovereign citizen" does not later this conclusion. To the extent any of Plaintiff's claims ultimately arise from theories of sovereign citizenship, those claims are utterly frivolous and may be dismissed for lack of subject matter jurisdiction.

    c. Failure to State a Claim – Defendant Casey Johnson

The Magistrate Judge concludes that Plaintiff's claims against Defendant Johnson rely on 42 U.S.C. § 1983. That statute permits claims against individuals acting under color of state law. The Magistrate Judge explained that defense attorneys are not state actors for the purpose of § 1983. Plaintiff does not specifically address this finding or the recommendation that Defendant Johnson be dismissed.

    d. Failure to State a Claim – Defendants 8th District Court, Judge Ankley, and Kalamazoo County Prosecutor's Office. The Magistrate Judge concludes that the amended complaint (ECF No. 17) fails to plead sufficient facts to support a plausible claim against these defendants. The Magistrate Judge recommends dismissing these defendants for the failure to state a claim as an alternative to dismissing them for lack of subject matter jurisdiction. Plaintiff has not demonstrated any error here. "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted). The factual allegations need not be detailed but must be "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

*Hobart-Mayfield, Inc. v. Nat'l Operating Comm. on Standards for Athletic Equip.*, 48 F.4th 656, 663 (6th Cir. 2022).  "Naked assertions devoid of further factual enhancement contribute nothing to the sufficiency of the complaint." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (cleaned up; citation omitted).  The amended complaint generally fails to plead enough facts to establish plausible claims against these three defendants.  The allegations in the amended complaint lack sufficient detail to establish each element of his claims.

    e. Dismissal of Defendant James Graham

Defendant Graham did not file a motion to dismiss.  The Magistrate Judge recommends dismissing the entire lawsuit as frivolous, which would include dismissal of Plaintiff's claim against Defendant Graham.  Plaintiff objects and argues that he has a conversion claim against Defendant Graham.  The court overrules this objection.

Plaintiff has not pleaded a plausible claim against Defendant Graham.  Plaintiff pleads that Graham "is a private actor acting jointly with the state to seize Plaintiff's private automobile" (Amended Compl. ¶ 11 PageID.76).  Graham allegedly seized Plaintiff's automobile "without a warrant or due process, resulting in conversion of private property" (*id.* ¶ 19 PageID.77).  Plaintiff makes no other factual allegations against Graham.  These allegations do not plead a plausible claim against Graham; the allegations are attenuated and unsubstantial, *see Apple*, 183 F.3d at 479, and are little more than naked assertions devoid of facts, *see SFS Check*, 774 F.3d at 355.

f. Dismissal of all Other Defendants

The Magistrate Judge recommends dismissing the complaint as frivolous, which would implicate Plaintiff's claims against all of the other defendants. Plaintiff does not specifically address this recommendation in his objection.

For these reasons, the court **ADOPTS** the report and recommendation (ECF No. 72). The court **GRANTS** Defendants' motions to dismiss (ECF Nos. 18, 27, 30, 31 and 62). The court finds the remaining claims frivolous and **DISMISSES** the remaining claims for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure. **IT IS SO ORDERED.**

Date:   December 9, 2025                               /s/ Paul L. Maloney
                                                                                          Paul L. Maloney
                                                                                          United States District Judge